AUSA: Connie L. Dang

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**24 MAG 2994**

UNITED STATES OF AMERICA

v.

ALEXIS ANTONIO DIAZ,

Defendant.

**COMPLAINT**

Violations of 21 U.S.C. §§ 841 & 846

COUNTY OF OFFENSE:
NEW YORK

SOUTHERN DISTRICT OF NEW YORK, ss.:

ALEX JOHNSON, being duly sworn, deposes and says that he is a Special Agent with the Drug Enforcement Administration ("DEA"), and charges as follows:

**COUNT ONE**
(Conspiracy to Distribute Narcotics)

1. On or about August 14, 2024, in the Southern District of New York and elsewhere, ALEXIS ANTONIO DIAZ, the defendant, and others known and unknown, knowingly and intentionally combined, conspired, confederated, and agreed together and with each other to violate the controlled-substance laws of the United States.

2. It was a part and object of the conspiracy that ALEXIS ANTONIO DIAZ, the defendant, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance in violation of Title 21, United States Code, Section 841(a)(1).

3. The controlled substance involved in the offense was 400 grams and more of mixtures and substances containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Section 846.)

**COUNT TWO**
(Narcotics Possession with Intent to Distribute)

4. On or about August 14, 2024, in the Southern District of New York and elsewhere, ALEXIS ANTONIO DIAZ, the defendant, knowingly and intentionally distributed and possessed with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and aided and abetted the same.

5. The controlled substance involved in the offense was 400 grams and more of mixtures and substances containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(A); Title 18, United States Code, Section 2.)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

6. I am a Special Agent with the DEA, and I have been a Special Agent with the DEA for approximately 2.5 years. I have been personally involved in this investigation. This affidavit is based on my involvement in this investigation, my conversations with other law enforcement officers and other individuals, and my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

7. Based on my personal observations and my conversations with other law enforcement officers, I learned the following:

   a. On or about August 14, 2024, law enforcement officers approached an individual carrying a teal bag ("CC-1") who was standing in front of a particular apartment unit located in New York, New York (the "Apartment"). Law enforcement officers stated to CC-1 that they were looking for a person who assaulted a child and asked, in sum and substance, who was inside the Apartment. CC-1 indicated, in sum and substance, that no one was inside the Apartment, but that CC-1 could call the owner of the Apartment. At that time, law enforcement officers observed CC-1 use his cellphone to make what appeared to be a video call and stated that the police were at the Apartment looking for a person who assaulted a child.

   b. Shortly after CC-1 appeared to make the video call, a law enforcement officer conducting surveillance at the rear of the building in which the Apartment is located observed an individual later identified to be ALEXIS ANTONIO DIAZ, the defendant, and another individual ("CC-2") crawl out of the window of what appeared to be the Apartment and climb onto the fire escape. CC-2 fled, while DIAZ appeared to throw at least one item back into the Apartment through the window before surrendering to law enforcement. At the time that DIAZ surrendered to law enforcement, he was wearing a dark colored shirt that appeared to have a white powdery substance on it.

   c. DIAZ was placed under arrest and, in connection with his arrest, DIAZ identified himself as "Alexis Antonio Diaz."

8. On or about August 14, 2024, the Honorable Sarah L. Cave, United States Magistrate Judge of the Southern District of New York, authorized a warrant to search the Apartment, which was then searched. Based on my personal observations and my conversations with other law enforcement officers involved in the search of the Apartment, I learned the following:

   a. During the search of the Apartment, law enforcement officers encountered what appears to be narcotics, as well as the materials and equipment used to weigh, press, and package narcotics in, among other places, common areas of the Apartment that would have been visible to any of the Apartment's occupants.

    b.  Specifically, law enforcement officers recovered various suspected narcotics (the "Suspected Narcotics"), which included numerous clear plastic bags containing a powdery white substance as well as hundreds of rectangular bricks wrapped in white paper, some of which had logos—including an "MTA" logo—stamped on the packaging. Law enforcement officers recovered portions of the Suspected Narcotics from the Apartment's living room floor and table as well as from dressers in the bedroom and in the Apartment's hallway closet.

    c.  Based on my training and experience, I know that individuals who distribute narcotics often stamp the packaging of their narcotics with logos to make their product distinctive to buyers and as a form of branding for the product. Below are photographs of certain of the rectangular bricks wrapped in white paper, some of which have logos stamped on the packaging (top), and certain of the clear plastic bags containing a powdery white substance (bottom) recovered from the Apartment:





    d. Additionally, law enforcement officers recovered from under the kitchen sink a hydraulic press that appeared to be used for pressing narcotics into kilogram-weight bricks. Law enforcement officers also observed in the Apartment's bedroom scales used for weighing narcotics, empty glassine vials, and stamps used for stamping vials. Law enforcement officers further observed in the Apartment's dining room packaging materials consistent with the type of materials used to package narcotics. Below is a photograph of the press recovered from the Apartment:



    e. Law enforcement officers recovered keys with the name "Alexis" on a tag attached to the keys. Law enforcement officers used the keys on the Apartment's front door and determined that the keys unlocked that door. Law enforcement officers also recovered a check listing "Alexis Antonio Diaz" as the payee and listing "Alexis Antonio Diaz" and the Apartment's address on the check's memo line.

    f. Law enforcement officers recovered from the Apartment a Dominican Republic passport for "Alexis Antonio Diaz" and the appearance of the individual in the photograph on the passport is consistent with ALEXIS ANTONIO DIAZ's appearance.

    9. Based on my participation in this investigation and my discussions with law enforcement officers, I know that a field test was performed on the Suspected Narcotics, which was positive for fentanyl. In total, the estimated weight of the Suspected Narcotics, including the packaging, is at least 5.5 kilograms.

WHEREFORE, I respectfully request that ALEXIS ANTONIO DIAZ, the defendant, be imprisoned or bailed, as the case may be.

*[signature]*
ALEX JOHNSON
Special Agent
Drug Enforcement Administration

Sworn to before me this 15 day of August, 2024.

*[signature]*
THE HONORABLE SARAH L. CAVE
United States Magistrate Judge
Southern District of New York